PER CURIAM.
 

 The defendant, Willie Williams, appeals his conviction of attempted simple robbery, La.R.S. 14:65(27), for which he was sentenced to serve two and a half years at hard labor in the State Penitentiary. On appeal, the defendant relies on three bills of exceptions preserved and perfected during his trial.
 

 Bill of exceptions number one argues the trial judge erroneously excused several prospective members of the petit jury venire. We find this bill of exceptions lacks merit as the trial judge did not abuse his discretion in excusing prospective jurors. La.C.Cr.P. art. 783.
 

 Bills of exceptions numbers two and three attack the admissibility of an incriminatory statement made by the defendant and the introduction into evidence of a towel allegedly taken from the defendant
 
 *163
 
 at the time he was arrested. During the trial, with the jttry absent, the trial judge held a hearing in order for the State to lay a foundation to the admissibility of oral statements made by the accused, and during this hearing the admissibility of the towel was considered.
 

 We agree with the trial judge’s conclusions as to the admissibility of the statements and the towel. The trial judge found that the defendant was adequately warned of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A review of the facts of this case convinces us that the warning given complied with our interpretation of the Miranda decision. Except where the circumstances indicate coercion, there is no necessity to reiterate the Miranda warnings at each phase of an interrogation. Cf. State v. Graves, 250 La. 526, 250 So.2d 727 (1971). The totality of the evidence shows that the statements themselves were made freely and voluntarily. The trial judge did not commit error in allowing them to be introduced at the trial. La.R.S. 15:451.
 

 Though the motion to suppress the towel was not timely filed, the trial judge permitted the motion during the trial. La. C.Cr.P. art. 703. We find the trial court’s ruling regarding the admissibility of the towel correct. The arresting officers had probable cause to arrest the defendant (he was running away within a few blocks of the attempted robbery just reported, and he met the general description of the robber), and at that time the towel was in plain view around the defendant’s shoulder. The victim, in describing the robber to the police, had indicated the man had a similar towel over his shoulder. We find bills of exceptions numbers two and three lack merit.
 

 The defendant also filed a motion for new trial and a motion in arrest of judgment. These two motions concerned issues disposed of under the bills of exceptions above, except for an allegation that the verdict was contrary to the law and evidence made in the motion for new trial. A motion for new trial alleging that the verdict is contrary to the law and evidence presents nothing for review. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971).
 

 For these reasons, the conviction’ and sentence are affirmed.
 

 SUMMERS, J., concurs in the result only. See State v. Andry, 260 La. 79, 255 So.2d 81 (1971).