263 So.2d 6

**STATE of Louisiana**

v.

**Jimmie CROCKETT and Cleveland Hardster, Jr.**

**No. 51606.**

June 5, 1972.

Graffagnino & Perez, A. J. Graffagnino, Metairie, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Ronald P. Loumiet, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendants, Jimmie Crockett and Cleveland Hardster, Jr., who were jointly

charged with Daniels Carruthers,[1] by bill of information, with the crime of armed robbery, prosecute this appeal from their convictions and sentences to serve fifteen and ten years, respectively, at hard labor, in the State Penitentiary. La.R.S. 14:64. Appellants rely on five bills of exceptions to obtain a reversal of the convictions. We find merit in none of them.

### BILL OF EXCEPTIONS No. 1

█ This bill was taken when the trial court denied the motion for a mistrial on the basis of prejudice to the accused when they were escorted out of the courtroom in handcuffs, in full view of the jury, alleging a violation of their constitutional rights to a trial before an impartial jury.

We are in agreement with the trial judge in his per curiam that no prejudice requiring a reversal resulted from this conduct in that the jury was aware these men were on trial for a serious crime and that upon admonition by defense counsel, the Deputy Sheriff was careful not to handcuff the accused a second time in the presence of the jury. Cf. State v. Spencer, 257 La. 672, 243 So.2d 793 (1971); State v. Boudoin, 257 La. 583, 243 So.2d 265 (1971); La.C.Cr.P. art. 775.

### BILLS OF EXCEPTIONS Nos. 2 and 4

█ These bills were taken to the court's permitting the Assistant District Attorney to refer, in his opening statement, to the fact the defendants were in possession of a stolen car at the scene of the crime and still in it five minutes later; and secondly, that testimony of the owner of the stolen car, to prove the car was in fact stolen, was highly prejudicial to the accused. Both exceptions concern, essentially, the same points of law, that is whether or not the State's remarks in the opening statement and the testimony elicited during the trial fall within the recognized exception to the general rule that evidence of other crimes than the one for which the defendant is being tried may not be introduced at his trial.

Again we agree with the trial court's per curiam that the circumstances of this case fall within the exception to this rule based upon La.R.S. 15:445 and 15:446 which indicate that such evidence may be admitted to prove intent where intent forms part of the crime with which the defendant is charged. State v. Evans, 249 La. 861, 192 So.2d 103 (1966); State v. Welch, 250 La. 719, 198 So.2d 902 (1967).

Bills of exceptions numbers 2 and 4 have no merit.

### BILL OF EXCEPTIONS No. 3

██ This bill relates to the court's refusal to acknowledge a reference by the District Attorney in his opening statement, that one of the accused said "Give me the

1. Carruthers was found not guilty.

knife," was a confession of which the defense counsel should have been notified in advance of the trial pursuant to La.C.Cr.P. art. 767. The trial court admitted the reference in the opening statement as part of the *res gestae*.

The following quoted portion of the State's opening statement is that under attack:

"* * * The driver of the automobile, one of the defendants, hollered for one of the other defendants to give him a knife or the knife at which point Newton, who was the attendant, reached in his pocket and gave to the driver of the automobile the money he had which was $18.00 in one dollar bills rolled up in his pocket." * * * (Tr. 12).

In State v. Fink, 255 La. 385, 231 So.2d 360, 362 (1970), this Court held that the term "inculpatory statement," as used in La. C.Cr.P. articles 767 and 768, "refers to the out-of-court admission of incriminating facts made by a defendant *after* the crime has been committed." (Emphasis added.) The out-of-court utterances were incident to the criminal conduct and formed part of the *res gestae*. The trial court correctly applied the holding in *Fink* in this instance. See also Bennett, 31 La.L.Rev. 374.

### BILL OF EXCEPTIONS No. 5

The fifth bill of exceptions was reserved when the trial judge denied a Motion

for a New Trial based upon the allegations asserted in bills of exceptions nos. 1 through 4 and that the verdict is contrary to law and evidence. We have disposed of everything of merit in the defendant's other bills. The allegation that the verdict is contrary to the law and evidence presents nothing more for review, State v. Grey, 257 La. 1070, 245 So.2d 178 (1971), this bill has no merit.

The convictions and sentences of both defendants are affirmed.

SUMMERS, J., concurs in the result only. See State v. Andry, 260 La. 79, 255 So.2d 81 (1971).