296 So.2d 320 (1974)
STATE of Louisiana
v.
Rudolph JACKSON.
No. 54387.
Supreme Court of Louisiana.
June 10, 1974.
Jack T. Mulvehill, Orleans Indigent Defender, New Orleans, for defendant-appellant.
*321 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant was tried under a bill of information charging him with simple burglary in violation of R.S. 14:62. He was convicted after a trial by jury and was sentenced to nine years at hard labor. In this appeal he relies on five bills of exceptions. (12 bills were perfected, however, Bills Nos. 2, 3, 4, 5, 9, 10 and 11 were expressly abandoned in brief.)
On February 14, 1971 at approximately 11:30 p. m., the defendant and two other men burglarized the Canteen Service Company located at 1020 Thalia Street in New Orleans. Approximately $2000 worth of merchandise (cigarettes, candy and gum) was taken. At trial the State introduced evidence of a burglary of the same establishment by the same persons that occurred on February 6, 1971. The purpose for introduction of the evidence of the other crime was to show system, intent and guilty knowledge.

BILL OF EXCEPTIONS NO. 1
This bill was reserved when the trial court allowed the State to make a comment in reference to system and intent, while examining the State's witness Ethel Smith. The comment was made while evidence of the date of the extraneous offense was being adduced:
"Q. Do you know a boy by the name of Lockhart?
"A. He was killed, shot.
"Q. With reference to Lockhart, tell the court and jury what happened on that date, if anything.
"A. The night?
"Q. Yes.
"A. Well, I was sitting in the LaLuna Bar on Magazine Street and these people, which was Burgess and Tenderfoot, as I recall, my brother and Bighead, which is William . . .
"BY MR. PETTINGILL:
I object to this, what has it to do with the case at hand, the killing of Lockhart, whoever he may be?
"BY MR. MERRITT:
Only to fix a date.
"BY MR. PETTINGILL:
I don't see the relevancy.
"BY THE COURT:
"Q. Mr. Merritt, do you intend to tie this up?
"A. Yes.
"BY THE COURT:
Overruled. Proceed.
"BY MR. MERRITT:
This is in reference to the system and intent case.
"BY MR. PETTINGILL:
I object to that statement by the prosecution. I think it prejudicial and biased. (Emphasis supplied).
"BY THE COURT:
Overruled.
"BY MR. PETTINGILL:
I reserve a Bill of Exception including the statement of the prosecution.
"BY THE COURT:
Let the Bill be noted.
Proceed."
In the State's opening statement it announced that in order to show system, intent *322 and guilty knowledge it would offer evidence, through the testimony of Ethel Smith and police officers, that the defendant burglarized the same company on February 6, 1971. No objection was made to this comment. The comment of counsel made during the examination of Ethel Smith was in reference to this remark. Immediately after the bill was reserved, the prosecutor returned to evidence of the February 14 crime, which was the basis of this action. When the prosecutor later elicited evidence of the extraneous offense, the February 6 burglary, the defendant's only objection was to portions of the testimony as hearsay. Also noteworthy is the fact that when the defense had the opportunity to cross examine Ethel Smith, they devoted the majority of their time to the extraneous offense.
No bill was reserved to the introduction of evidence of the February 6 burglary. The issue argued under this bill of exceptions is not presented for our review. As reserved, the bill has no merit.

BILLS OF EXCEPTIONS NOS. 6, 7 and 8
These bills were reserved to the introduction into evidence of photocopies of the defendant's statement and waiver of rights form over defense objection. The defense argues that the admission of such copies without showing that the originals are unavailable, violates the best evidence rule. R.S. 15:436.
This rule is limited by decisions of this Court which hold that where the document offered in evidence is a mechanical reproduction of the original, and is thus the substantial equivalent of the original, admission over objection is reversible error only upon a showing that the contents of the purported copy do not accurately reflect those of the original. State v. St. Amand, 274 So.2d 179 (La.1973); State v. Chambers, 263 La. 1080, 270 So.2d 514 (1972).
As the trial judge noted in his per curiam, "The counsel for the defense had the opportunity to show where, if at all, the photocopy had been altered; this he failed to do."
These bills have no merit.

BILL OF EXCEPTIONS NO. 12
This bill was reserved to the trial court's denial of defendant's motion for a new trial. The motion alleged the verdict was contrary to the law and the evidence; it also was based on prior reserved bills.
The trial court reviewed the evidence and found it sufficient to support the verdict. The allegation that the verdict was contrary to the law and the evidence presents nothing for our review. State v. Crockett, 262 La. 197, 263 So.2d 6 (1972); State v. Williams, 262 La. 160, 262 So.2d 507 (1972); State v. Landry, 262 La. 32, 262 So.2d 360 (1972).
We have reviewed the prior reserved bills and found them to be without merit.
We note the 24-hour delay provided for in C.Cr.P. Art. 873 after a motion for a new trial is denied, was not observed nor was it waived by the defendant. However, while appeal was pending in this Court, on May 22, 1974, pursuant to C.Cr.P. Art. 916, the defendant was returned to the trial court. He then waived the 24-hour delay, whereupon he was resentenced with credit being given for time served.
For the reasons assigned, the conviction and sentence are affirmed.