306 So.2d 692 (1975)
STATE of Louisiana
v.
Edward LISENBY.
No. 55228.
Supreme Court of Louisiana.
January 20, 1975.
*693 Bluma F. Wolfson, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
On August 24, 1972 the defendant Edward Lisenby was convicted of armed robbery in violation of LSA-R.S. 14:64. He was sentenced to serve a 10 year term of imprisonment at hard labor.
The defendant was granted an out of time appeal on May 14, 1974. He presents three bills of exceptions[1] for our consideration.
Bill of Exceptions No. 1.
Bill of Exceptions No. 1 was reserved when the trial court overruled defendant's objection to the introduction into evidence of S-1, the victim's wallet. The defendant specifically objected to the currency (a twenty dollar bill) contained in the wallet, but gave no reason in support of the objection.
In brief before this Court, the defendant has treated the objection as one challenging the sufficiency of the foundation supporting the wallet's receipt into evidence. However, the defendant has in effect abandoned this bill of exception, stating that adequate grounds were laid by the state for the introduction of both the wallet and the money.
We are in agreement with this disposition of Bill of Exceptions No. 1. Our review of the record convinces us that trial counsel was indeed objecting on the grounds that the wallet, and specifically the twenty dollar bill, had not been properly identified. And this objection was properly overruled. The victim identified the wallet and testified that in addition to various papers, the wallet contained a twenty dollar bill. One of the investigating police officers testified that he recovered the wallet from the defendant almost immediately *694 after the robbery. Thus the wallet and the money were sufficiently identified and were properly received into evidence.
This bill has no merit.
Bill of Exceptions No. 2.
This bill was reserved when $247.00 in United States currency was allowed to be introduced into evidence. The reasons given for the defendant's objection was that the currency had not been identified.
The defendant in brief now states that the currency was identified and was properly received into evidence. We agree.
This bill has no merit.
Bill of Exceptions No. 3.
At the close of its case, the State sought to introduce a .38 calibre revolver, allegedly used during the robbery, into evidence, but the defendant's objection to its admission was sustained. Subsequently, after the completion of the defendant's case, the State once more offered the revolver into evidence, and it was then admitted over the defendant's objection. Bill of Exceptions No. 3 was reserved to this ruling by the trial court.
We note that the revolver's introduction into evidence at the close of the defendant's presentation was irregular trial procedure, as its introduction did not rebut the evidence adduced by the defendant. Had the revolver been offered by the State for the first time as rebuttal evidence, we would be confronted with an apparent violation of LSA-R.S. 15:282.[2] However, such is not the case. In our view, the State was not offering rebuttal evidence, but was merely re-urging the revolver's admission into evidence; and the trial court's ruling was merely a reversal of his earlier ruling. Thus, we find no fault in this unusual trial procedure, and the defendant makes no argument to this effect.
What the defendant does argue is that the State failed to prove a specific connection between the defendant and the revolver. Our examination of the record reveals that there was indeed contradictory testimony concerning who possessed the revolver the night of the robbery. However, the victim identified the revolver and testified that the defendant used the revolver to perpetrate the robbery. Thus, there was sufficient evidence to support the introduction of the revolver into evidence. The final determination of connexity was for the jury. State v. Roquemore, La., 292 So.2d 204 (1974); State v. Howard, La., 283 So. 2d 199 (1973).
This bill has no merit.
Motion for a New Trial
We note that trial counsel made a motion for a new trial, premised on the grounds that the verdict was contrary to the law and the evidence and that bills of exceptions reserved during trial[3] showed prejudicial error. The motion was denied by the trial court, whereupon counsel reserved a bill of exceptions.
This bill of exceptions was not perfected, as was required by the unamended Article 920, Code of Criminal Procedure; nor was the denial of the motion presented to the trial court as an assignment of error, required under Article 920 as amended by Act 207 of 1974. Thus, the denial of the motion for a new trial is not before this Court for review. We note, however, that for the reasons expressed in State v. Gilbert, La., 286 So.2d 345 (1973), an allegation that the verdict is contrary to the law and the evidence presents nothing *695 for this Court's review and that, as earlier treated in this opinion, none of defendant's bills of exceptions have merit or demonstrate prejudicial error.
Having found no merit in the defendant's bills of exceptions, nor any error discoverable by an inspection of the pleadings and proceedings in the case, we affirm the conviction and sentence.
Affirmed.
NOTES
[1] The court appointed attorney representing defendant on this appeal perfected four bills of exceptions. The fourth perfected bill, phrased as an objection to the entire testimony in the case, was not reserved during trial, and appears to have been perfected in error. This conclusion is supported by the fact that counsel has not argued this bill in the appellate brief or argument.
[2] R.S. 15:282 provides:

"The prosecution has the right to rebut the evidence adduced by the defendant, but the defendant is without right to rebut the prosecution's rebuttal."
[3] A review of the trial transcript indicates that the only reserved bills at trial were the three which were later perfected.