319 So.2d 402 (1975)
STATE of Louisiana
v.
Earl Kennon BRUMFIELD and Donald Lynn Warren.
No. 56431.
Supreme Court of Louisiana.
October 1, 1975.
*403 Wilmon L. Richardson, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard E. Yokum, Sr., Dist. Atty., Calvin C. Fayard, Jr., Asst. Dist. Atty., for plaintiffsappellees.
SANDERS, Chief Justice.
The State charged defendants Earl Kennon Brumfield and Donald Lynn Warren each with three counts of aggravated assault, violations of LSA-R.S. 14:37. The trial judge found them guilty as charged and sentenced each defendant to six months imprisonment in the parish jail. Defense counsel moved for an appeal, which the trial judge granted, setting the return date to the Supreme Court as April 25, 1975.
The record we have before us contains a pleading by defense counsel styled as both an appeal and a petition for a writ of certiorari. The State objected to the appeal, and filed in the district court a written opposition thereto, which the trial court did not act upon in any way.
Our threshold determination must be whether or not this Court has jurisdiction to hear an appeal in this case. A case is properly appealable to the Supreme Court only when a law or ordinance had been declared unconstitutional or when a defendant has been convicted of a felony, or a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed. La.Const. Art. V, § 5(D) (1974); LSA-C.Cr.P. Art. 912.1. Since the defendants were convicted of a misdemeanor and were sentenced to only six months imprisonment with no fine, this Court has no appellate jurisdiction in the case.
Nevertheless, under Rule I, § 10 of the Rules of the Supreme Court of Louisiana, this Court in its discretion may treat an appeal improperly before it as an application for supervisory writs. The record before us does contain a petition for a writ of certiorari, so we elect to consider the case as a writ application.
Defendants made four objections during their trial which were overruled by the trial judge; they reserved bills of exceptions to the judge's rulings, though no longer required by Louisiana law. LSA-C.Cr.P. Art. 841. However, they perfected only one of the bills, nor did they comply with Article 844 of the Louisiana Code of Criminal Procedure by designating in writing those errors which are to be urged on appeal. Treating the case as a writ application, the defendants have not complied with Rule 12, § 5(3) of the Rules of the Supreme Court of Louisiana which requires an assignment of the errors complained of, separately briefing and arguing each.
The pleading contained in the record styled "petition for writ of certiorari" presents only a single question for this Court's review: whether the State met its burden of proof on the issue of intent as to all the defendants. Additionally, defendants *404 attached a perfected bill of exception complaining of the court's overruling of their motion for a new trial which was also based on an alleged lack of evidence.
A review of the transcript convinces us that there is some evidence of all the essential elements of the crime for both defendants. This Court does not review questions of sufficiency of evidence so long as some evidence can be found in the record to support the verdict. State v. Douglas, La., 278 So.2d 485 (1973). Furthermore, it is well established in Louisiana jurisprudence that the refusal of a trial judge to grant a motion for a new trial which is based on an allegation that the verdict is contrary to the law and the evidence presents nothing for this Court's review. See, e. g., State v. Lisenby, La., 306 So.2d 692 (1975); State v. Crockett, 262 La. 197, 263 So.2d 6 (1972); State v. Williams, 262 La. 160, 262 So.2d 507 (1972), and cases cited therein.
For the reasons assigned, the application of defendants for supervisory writs is denied.