SANDERS, Chief Justice.
The State charged the defendant, Cornelius Youngblood, with armed robbery in violation of LSA-R.S. 14:64. Following trial, the jury found him guilty as charged and the judge sentenced him to ninety-nine years imprisonment. He relies upon two assignments of error in his appeal to this Court. Finding merit in neither of them, we affirm the conviction and sentence.
In his first assignment of error, defendant complains of the trial court’s denial of his motion for a directed verdict at the close of the State’s case. Defendant contends that a directed verdict of not guilty was mandated under Article 778 of the Louisiana Code of Criminal Procedure because the evidence was insufficient to support a conviction.
In State v. Douglas, La., 278 So. 2d 485 (1973), we held that the language of Article 778 allowing a directed verdict of not guilty after the close of the State’s evidence “if the evidence is insufficient to sustain a conviction” refers to those cases in which the prosecution has produced no evidence to prove the crime or an essential element thereof. See also State v. Evans, La., 317 So.2d 168 (1975); State v. Sonnier, La., 317 So.2d 190 (1975). This Court does not review the sufficiency of the evidence so long as there is some evidence to support the verdict.
We have reviewed the transcript in the instant case and find some evidence of all the essential elements of armed robbery. The victim identified the defendant when he was apprehended twenty minutes after the robbery and again at trial. He testified that the defendant entered his shop, drew a gun, and at gunpoint robbed him of approximately $70.00. Two employees of the shop, present during the robbery, corroborated this testimony and also identified the defendant.
We hold that the motion for a directed verdict was properly denied.
Defendant made his second assignment of error to the denial of his motion for a new trial based on his allegation that the verdict was contrary to law and evidence. LSA-C.Cr.P. Art. 851. An allegation that the verdict is contrary to the law and evidence presents nothing for this *335 Court’s review. See e. g., State v. Lisenby, La., 306 So.2d 692 (1975); State v. Crockett, 262 La. 197, 263 So.2d 6 (1972); State v. Williams, 262 La. 160, 262 So.2d 507 (1972).
For the reasons assigned, the conviction and sentence are affirmed.