326 So.2d 353 (1976)
STATE of Louisiana
v.
Robert WILKERSON.
No. 56862.
Supreme Court of Louisiana.
January 19, 1976.
*355 William E. Woodward, Leslie D. Ligon, Jr., Clinton, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., Cynthia Picou Branton, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The West Feliciana Parish Grand Jury indicted Grady Brewer and Robert Wilkerson for murder in violation of LSA-R.S. 14:30. After trial, the jury returned a verdict of guilty as charged. The court sentenced defendants to life imprisonment. Defendants appealed their convictions, and this Court reversed Wilkerson's conviction. La., 301 So.2d 630 (1974).
On December 19, 1974, Wilkerson was rearraigned and pleaded not guilty. A motion for change of venue was heard and denied on January 9, 1975. The defendant was tried and found guilty as charged by the jury. After denying Wilkerson's motion for a new trial, the court sentenced him to life imprisonment.
Defendant Wilkerson appeals his second conviction and sentence, relying on six assignments of error.

ASSIGNMENT OF ERROR NO. 1
When asked by the State if he knew anything about the case, the prospective juror answered, "I heard it had been to the Court of Appeal and is back for retrial." Based upon that comment, the defendant moved for a mistrial. The court denied the motion, stating that it would admonish the jury to disregard the comment. Defendant reserved Assignment of Error No. 1 to the court's ruling.
Code of Criminal Procedure Article 771 provides in pertinent part:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
"(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
The defendant concedes that the prospective juror's remark alone would not necessarily require granting a motion for a mistrial. He argues that the fact that the defendant was handcuffed, gagged, shackled and in leg irons at the first trial was public knowledge, and the prospective juror's statement could only serve to remind the prospective jurors of the prejudicial conduct which occurred during the first trial. This argument is without merit as it is extremely unlikely that the comment drew attention to that conduct; it neither directly or indirectly referred to what happened at trial fifteen months earlier. It is even more unlikely that the jury of laymen understood the legal implications regarding conviction and appeal which the comment could have raised. Moreover, the defense counsel actually asked the judge not to instruct the jury to disregard the comment. In view of the defendant's request and his concession that the remark alone would not require granting a mistrial, *356 the defendant cannot now be heard to complain.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
The defendant assigns as error the court's refusal to grant his challenge for cause of a prospective juror who in former years had been employed as a security guard at the Louisiana State Penitentiary.
In his per curiam, the trial court judge stated that the defendant cannot complain of the ruling because he did not exhaust his peremptory challenges in compliance with Code of Criminal Procedure Article 800. In brief, defendant asserts that he did exhaust his peremptory challenges. The record in this court is insufficient to determine whether the peremptory challenges were in fact exhausted. Assuming, without deciding, that they were exhausted, we address the assignment of error.
Code of Criminal Procedure Article 797, dealing with the challenges for cause, provides:
"The state or the defendant may challenge a juror for cause on the ground that:
(1) The juror lacks a qualification required by law;
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
(4) The juror will not accept the law as given to him by the court; or
(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense."
The prospective juror, though once employed as a security guard at the penitentiary, discontinued his employment nearly five years before the trial. The prospective juror was examined thoroughly on voir dire and stated that he was not prejudiced against prisoners. His answers establish that he could accord the defendant a fair trial.
It is within the sound discretion of the trial judge to determine the competency of a juror, and only when the exercise of his discretion is arbitrary or unreasonable is this Court warranted in setting aside a verdict. State v. Weathers, La., 320 So.2d 895 (1975); State v. Frazier, La., 283 So.2d 261 (1973).
We find no error here.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
The defendant assigns as error the court's refusal to allow questioning of an inmate at Angola who witnessed Wilkerson murder another inmate, concerning possible bias, interest, and corruption.
LSA-R.S. 15:492 provides:
"When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admits such fact, any other witness may be examined to establish the same."
The court removed the jury and thoroughly explored all possibilities concerning *357 the examination of the witness. The court concluded that it would allow the defendant to ask the witness if he was given or promised anything in exchange for his testimony.
The background facts of this case are extremely relevant to this assignment of error. The prosecuting witness saw inmate-Wilkerson murder a fellow inmate. The witnessing inmate, fearing for his life, requested to be moved from that location for protection. The showing outside the presence of the jury indicated that the line of questioning would disclose Wilkerson's previous trial and conviction for the murder of that inmate and the witness's fear of Wilkerson.
In this case, the trial court judge correctly disallowed both parties further pursuing this line of questioning to the prejudice and ultimate detriment of the defendant. However, the trial court did allow the defendant to ask the witness if he was promised or given anything in exchange for his testimony. This question adequately safeguards the statutory right to cross-examine a witness concerning possible bias, interest, and corruption.
Assignment of Error No. 5 deals with the court's ruling that the defendant could not ask the same witness questions concerning self-mutilation. This testimony would not be admissible under LSA-R.S. 15:492; thus, the trial court correctly disallowed the question.
Assignments of Error Nos. 4 and 5 are without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant reserved Assignment of Error No. 6 to the court's denial of his motion for a directed verdict. The recent case of State v. Brumfield, La., 319 So.2d 402 (1975) restates the Court's often repeated holding on this issue:
"This Court does not review questions of sufficiency of evidence so long as some evidence can be found in the record to support the verdict. State v. Douglas, La., 278 So.2d 485 (1973). Furthermore, it is well established in Louisiana jurisprudence that the refusal of a trial judge to grant a motion for a new trial which is based on an allegation that the verdict is contrary to the law and the evidence present nothing for this Court's review. See, e. g., State v. Lisenby, La., 306 So.2d 692 (1975); State v. Crockett,262 La. 197, 263 So.2d 6 (1972); State v. Williams, 262 La. 160, 262 So.2d 507 (1972), and cases cited therein."
A review of the record indicates that there is some evidence of all the essential elements of the crime. The State produced one eye witness who identified the defendant as being among the victim's attackers, and another eye witness who testified that he saw the defendant stab the victim twice in the chest. There were only two wounds in the victim's chest, and it was shown by the State's expert witnesses that one of these two wounds was the cause of death.

ASSIGNMENT OF ERROR NO. 7
Defendant reserved Assignment of Error No. 7 to the denial of his motion for a change of venue. He alleges that a change of venue is necessary and bases his allegations on the following: (1) That widespread prejudice existed in the public mind against defendant as a consequence of the courtroom incident which resulted in his being handcuffed, shackled, and gagged during his first trial; (2) that a high percentage of persons making up the general venire were either employed by or related to employees of the Louisiana State Penitentiary at Angola or West Feliciana Parish Sheriff's Office, and that defendant was incarcerated in maximum security at the Louisiana State Penitenitary; (3) that there was a general prejudice in West Feliciana Parish against inmates, conscious or unconscious, to which veniremen would not admit on voir dire examination.
*358 Code of Criminal Procedure Article 622 provides the grounds for change of venue. It states:
"A change of vanue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
"In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial."
An Official Revision Comment on that article states that "the change of venue concept should operate where the state of the public mind against the defendant is such that jurors will not completely answer honestly upon their voir dire." As noted by the trial judge, there is little evidence of general prejudice towards inmates. One witness testified on behalf of the defendant, while three witnesses testified that they knew of no prejudice in the public mind against the defendant. The witness who testified on behalf of the defendant himself stated that he was not prejudiced, although he felt that there was prejudice which would keep prospective juror's from telling the truth on voir dire examination. The second and third of defendant's allegations are, therefore, without merit.
His first allegation, discussed in Assignment of Error No. 1, is without merit for the reasons stated therein.
Assignment of Error No. 7 is without merit.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
DIXON, Justice (dissenting). Assignments Nos. 4 and 5, relative to restriction of cross-examination of an eyewitness, represent error, a clear violation of a statutory and constitutional right which requires reversal.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice (dissenting).
I believe there is merit in Assignment of Error No. 4. The constitutional right to confrontation exercised most effectively by unrestricted relevant cross-examination was denied in this case when the trial court refused to allow defense counsel to impeach the credibility of a state's key witness by interrogation of the witness as to his written correspondence with the director of corrections leading up to his testifying as a witness.
I therefore dissent.