SUMMERS, Justice.
Defendant Michael Penson was charged by bill of information with the May 28,1976 simple burglary of a structure known as Heaven to Eleven at 1134 Barrow Street, Houma, Louisiana, belonging to Ethel Lae-our and being leased to Deborah Pullaro. La.Rev.Stat. 14:62. He pled guilty, waived trial by jury and was found guilty in a bench trial on January 4, 1977. He was thereafter billed as a multiple offender and sentenced to ten years at hard labor.
On the trial, at the conclusion of the State’s case, the defense moved for a judgment of acquittal, asserting that the only evidence connecting defendant to the offense were latent fingerprints at the scene of the alleged crime. The motion was denied, and without objection the defense proceeded with the presentation of its case. The alleged erroneous ruling of the court on this motion for judgment of acquittal is relied upon in this appeal for reversal of the conviction and sentence.
The State’s evidence reflects that shortly before 8 o’clock on the morning of May 28, 1976 Karen Yon Senden was at work in the Foxy Lady Beauty Salon in the 1100 block of Barrow Street in the city of Houma. A *1182 customer came in and told her that the display window in the Heaven to Eleven shop next door had been broken. She went out, viewed the window and then went to the rear of the building where she found the back door of the Heaven to Eleven shop ajar. A glance into the interior revealed that a rack of dresses were missing. She therefore called the police.
The officers of the Houma Police Department responded to the call of a possible break-in. Upon arrival at the scene they found the plate glass display window in the front of the shop had been broken leaving a hole large enough to permit entry by a burglar. On checking the rear of the building the officers also noted that the back door was ajar. On these findings they called the owner Debbie Pullaro who arrived shortly, at which time the officers entered the shop with her.
Inspection disclosed that a number of dresses valued at $300 were missing together with a T.V., adding machine, and calculators. The burglar alarm had also been tampered with. Pullaro further advised that the missing articles were there when she locked up the night before, the window was not broken, and the back door was closed at that time.
Detective Ralph Bergeron then began a search for latent fingerprints at the front display window where the entry had evidently been accomplished. Several fragments of the broken glass yielded latent prints which Detective Bergeron lifted. He also found a ball pen hammer lying against the wall at the site of the break-in. Because of the porous handle, the detective found it improbable that latent prints on that object could be lifted with his limited facilities and skill. He decided the same would be true of the knob to the back door. In his experience, door knobs did not carry latent prints because the grip required to turn them left only smudges or partial prints difficult to identify.
Detective Bergeron then submitted the fingerprints, the fragments of glass and the hammer to the Sheriffs office for further analysis and evaluation. There it was determined by Lieutenant Deroche, an expert in the field, that the several fingerprints taken from the broken glass matched those of the defendant Penson’s. The State also established that Penson did not have the authority or permission to enter this building and that the building was closed and locked at the time of the unlawful entry. Pullaro also testified that the exterior of the display window was washed once a week.
It is the defense position on this appeal that even if the State has established the other elements of simple burglary, the only evidence connecting the defendant to the evidence were the latent fingerprints found on the glass fragments at the point of entry. This evidence, the defense contends, is insufficient to sustain a conviction. To support this theory Article 778 is cited. It reads:
“In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of the defendant, after the close of the state’s evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
“If the court denies a defendant’s motion for a judgment of acquittal at the close of the state’s case, the defendant may offer its evidence in defense.”
In State v. Douglas, 278 So.2d 485 (La.1973) this Court construed Article 778 at a time when it permited a directed verdict in jury trials. It has since been amended to authorize judgements of acquittal only in bench trials. However, the salient unchanged provisions of the article invoked by the defense pertain to the situation where “the evidence is insufficient to sustain a conviction.” But this language cannot lend support to the defense contention. Reliance on the Douglas decision is inappropriate. The decision in Douglas was that “if the evidence is insufficient to sustain a conviction” refers to a situation in which the prosecution has “produced no evidence to prove a crime or an essential element.”
Thus it has been repeatedly stated that this Court will not, on review, overturn the *1183 finding of the trier of fact on a question of guilt or innocence unless there is no evidence at all of the crime or of an essential element thereof. The defense acknowledges this “well settled” proposition and cites these cases as authority to that effect. State v. Elzie, 343 So.2d 712 (La.1977); State v. Perkins, 337 So.2d 1145 (La.1976); State v. Pryor, 306 So.2d 675 (La.1975).
Reference to our summary of the evidence supports a finding of an unauthorized entering of a structure with intent to commit a theft therein. La.Rev.Stat. 14:62. Defendant’s connection with the unauthorized entry and resulting theft is demonstrated by the presence of his fingerprints on several fragments of glass found at the broken plate glass display window. This, together with the showing that the window was recently washed tended to place defendant at the point of entry recently. This highly probative, convincing, positive, and objective finding is “some” evidence connecting defendant as the perpetrator of the crime.
Therefore, a contention based upon the insufficiency of the evidence is not reviewable in this court. La.Code Crim.Pro. art. 858; State v. Plummer, 281 So.2d 716 (La.1973); State v. Williams, 262 La. 160, 262 So.2d 507 (1972); State v. Grey, 257 La. 1070, 245 So.2d 178 (1971).
It is noted also that no contemporaneous objection was raised to the denial of the motion for a judgment of acquittal; and the question raised on this appeal is therefore, not properly presented. La.Code Crim.Pro. art. 841.
For the reasons assigned, the conviction and sentence are affirmed.