439 So.2d 1099 (1983)
STATE of Louisiana
v.
Carl KORMAN.
No. 83 KW 0675.
Court of Appeal of Louisiana, First Circuit.
August 24, 1983.
Ossie Brown, Dist. Atty. by Joseph Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff.
*1100 John B. Shea, Beard & Shea, Baton Rouge, for defendant.
Before PONDER, SAVOIE and CRAIN, JJ.
CRAIN, Judge.
This case involves a jury conviction of defendant of manslaughter, subsequently overturned by the trial judge when he granted a new trial based on insufficient evidence to support the verdict. The effect of granting the new trial on this basis amounts to an acquittal because of the double jeopardy holding of Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).
The case points out the difficulties in which we have become mired because of Louisiana's interpretations and application of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1977). Jackson held that for purposes of federal habeas corpus review, sufficiency of the evidence is a question of law reviewable by the appellate courts. Louisiana's Constitution, Article V, Sec. 10(B) prohibits appellate court review of facts. Formerly only no evidence was reviewable as a question of law. State v. Youngblood, 321 So.2d 333 (La.1975). In State v. Mathews, 375 So.2d 1165 (La.1979) the Louisiana Supreme Court used Jackson as a springboard to create appellate fact review of sufficiency of the evidence in criminal cases in spite of the Louisiana constitutional provision to the contrary. See, concurring opinion of Judges Covington, Lanier and Alford in State v. Ruple, 426 So.2d 249 (La.App. 1st Cir.1983).
When rules of law established by the people through the constitution and legislative process are judicially changed, the cleaning up process is sometimes quite lengthy. Thus, the effect of our present judicially created review of fact on C.Cr.P. Art. 858 has not been resolved. That article provides that,
"Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law."
The transfer of criminal jurisdiction from the supreme court to the courts of appeal makes C.Cr.P. Art. 858 applicable to the courts of appeal. La. Const. Art. 5, Sec. 10(A).
The trial court has granted a new trial based on insufficient evidence. The jurisprudence holds that C.Cr.P. Art. 851(1), which gives the trial court the right to grant a new trial when the "... the verdict is contrary to the law and the evidence..." also gives the trial court the right to review the legal sufficiency of the evidence. State v. Plummer, 281 So.2d 716 (La.1973). Formerly, the result of this holding would be a new trial. Since Hudson, supra, the result is a verdict of acquittal if the trial court does not think the state has produced sufficient evidence to prove guilt. Because of this result the legislature in 1982 enacted C.Cr.P. Art. 821. That article provides that where the trial court finds the evidence legally insufficient to support the guilty verdict applying the Jackson standard, the appropriate remedy is a judgment of acquittal. This judgment is reviewable by the appellate courts on application of the state, and the appellate courts are likewise to use the Jackson standard.[1]
There is a distinction between legally insufficient evidence and the weight of the evidence, both in substance and in the manner of review. This distinction was recognized by the United States Supreme Court in Tibbs v. Florida, 457 U.S. 31, 102 *1101 S.Ct. 2211, 72 L.Ed.2d 652, (1982), where at 102 S.Ct. pg. 2213 the court stated,
"After examining the policies supporting the double jeopardy clause, we hold that a reversal based on the weight, rather than the sufficiency of the evidence permits the State to initiate a new prosecution."
It is our view, and we so hold, that only the weight of the evidence can be reviewed by the trial judge in a motion for new trial under C.Cr.P. Art. 851. The trial judge can grant a new trial only if dissatisfied with the weight of the evidence, and in so determining the trial judge makes a factual review as a thirteenth juror rather than under the Jackson standard. If he grants a new trial because of the weight of the evidence, that new trial can proceed without being barred by double jeopardy. Tibbs v. Florida, supra. Such a determination by the trial judge is not subject to review by the appellate courts because of Louisiana Constitution Article 5, Sec. 10(B) and C.Cr.P. Art. 858.
On the other hand, if the trial judge finds the evidence legally insufficient, he must do so under C.Cr.P. Art. 821 which decision is subject to appellate review on application of the state. The trial judge cannot act as a thirteenth juror in reviewing a jury verdict under C.Cr.P. Art. 821, but must review under the much more restrictive Jackson standard.
Post Jackson, supra, insufficient evidence to support the verdict was determined by the trial court under C.Cr.P. Art. 851(1). This now being prohibited the proper article to review weight of the evidence should be C.Cr.P. Art. 851(5).[2]See State v. Hudson, 373 So.2d 1294 (La.1979) concurring opinion by Justice Tate at pg. 1298. This falls in line with the jurisprudence holding a trial court decision under C.Cr.P. 851(5) presents nothing for appellate review. It also insures that only the trial court can ever review the evidence as a thirteenth juror.[3] It also should warn the trial court that new trials based on such motions are not favored by law. See, State v. Vinet, 352 So.2d 684 (La.1977).[4]
In this case the trial judge has held the evidence legally insufficient, but has granted a new trial. This he cannot do. He must either grant a verdict of acquittal under C.Cr.P. Art. 821 so we can review his decision, or he must find that he is dissatisfied with the weight of the evidence and grant a new trial under C.Cr.P. Art. 851(5). Otherwise, he must let the jury verdict stand.
*1102 Accordingly, we make the alternative writ peremptory, and order that the ruling of the trial court granting a new trial based on insufficient evidence be voided, the jury verdict reinstated, and the matter proceeded with in accordance with law.
NOTES
[1] The Jackson standard actually provides for very limited review by both the trial and the appellate court. It requires viewing the evidence in the light most favorable to the prosecution, and so viewed asks whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Thus, the Jackson standard "... gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, and to draw reasonable inferences from basic facts to ultimate facts ...". Jackson v. Virginia, supra, 99 S.Ct. at pg. 2789.

Thus, Jackson does not permit trial or appellate courts to act as thirteenth jurors in reviewing jury findings for sufficiency of the evidence.
[2] C.Cr.P. Art. 851(5) provides the trial court "... shall grant a new trial whenever:

(5) The court is of the opinion that the ends of justice would be observed by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right."
[3] We specifically note that C.Cr.P. Art. 821 is the latest expression of the legislative will and do not believe the Jackson standard can be extended by R.S. 15:438 to set a different basis for assessing evidence as suggested by the Louisiana Supreme Court in State v. Lenon Williams, 423 So.2d 1048 (La.1982) and State v. Graham, 422 So.2d 123 (La.1982). This results from the distinction between legally insufficient evidence, and the weight of the evidence sufficient to satisfy the trial court. The Louisiana Supreme Court suggested in Williams and Graham that in reviewing sufficiency of the evidence to uphold a conviction based on circumstantial evidence, the appellate court would not defer to the jury's determination of the sufficiency of the circumstantial evidence but would "... follow its own determination of whether there is a reasonable hypothesis of innocence...". State v. Graham, supra, at pg. 129.

The legislature has spoken. In cases where the appellate court can review facts at all, which are cases under C.Cr.P. Art. 821, the Jackson standard must be applied. Accordingly, the appellate court must defer to the findings of the jury and cannot sit as a "thirteenth juror."
[4] The comments under C.Cr.P. Art. 851 note with reference to Section 5 that it is a plenary grant of authority to a trial judge to do justice even when the motion is not based on a legal ground for a new trial. This certainly contemplates a weighing of the evidence by the trial judge. However, the weighing of evidence by appellate courts has been specifically prohibited. Recognition of the dual standard and the restrictions on each should restrain the appellate court from masking reversals grounded on the weight of the evidence as reversals based on insufficient evidence. In this respect, see State v. Savoy, 418 So.2d 547 (La.1982).