320 So.2d 116 (1975)
STATE of Louisiana
v.
Alvin Louis DILLARD.
No. 56366.
Supreme Court of Louisiana.
October 1, 1975.
Rehearing Denied October 31, 1975.
*118 Jack H. Kaplan, Gamm, Greenberg & Kaplan, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Acting Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Alvin Louis Dillard was indicted by the grand jury of Bossier Parish for the murder of one police officer in violation of La.R.S. 14:30, and the attempted murder of two others. La.R.S. 14:27; La.R.S. 14:30. After trial by jury on September 24-26, 1973, defendant was found guilty on all three charges and was subsequently sentenced to life imprisonment for the murder conviction and to consecutive ten-year prison terms for each conviction of attempted murder. Upon application to this court, we granted defendant an out-of-time appeal. Defendant relies upon seven assignments of error to reverse his convictions and sentences.

FACTS
Officers Pearson and Duncan of the Bossier City Police Department, while patrolling the streets of the city late at night on December 17, 1972, observed a car, driven by defendant, run a traffic light.
*119 The officers pursued the vehicle, which was traveling at a high rate of speed. The vehicle stopped at a location near the state police headquarters. Defendant was ordered out of his car and into the back seat of the patrol car. He was advised that he would be charged with reckless driving while under the influence of alcohol. He was also told that he was under arrest and would be searched. Thereupon, he was ordered out of the patrol car. Defendant then pulled a pistol from his pocket and fired a shot at Officer Duncan, which missed. He then fired a second shot that killed Officer Pearson. A second shot fired at Duncan again missed. Officer Abbott, a state trooper, heard a shot from the nearby police headquarters. As he raced toward the police car, defendant fired a shot at him. Defendant then got into his car and drove away. Officer Abbott pursued in his patrol car. Defendant fired another shot at Abbott while driving. Finally, defendant stopped and attempted to escape on foot. Officer Abbott followed and was successful in apprehending him. The pistol was removed from his pocket. Subsequently, defendant was charged with the murder of Officer Pearson and the attempted murder of Officers Duncan and Abbott.

ASSIGNMENT OF ERROR NO. 1
Defendant first argues that the trial court erred in denying his motion for a change of venue. While the motion for change of venue does not appear in the record, the record does contain the transcript of the hearing on the motion held on February 20, 1973. At said hearing, defendant filed into evidence clippings from certain newspaper articles and copies of local radio and television scripts covering the incident.[1] Thereafter, defense counsel argued that the publicity of the crime in Bossier City was so widespread that defendant could not obtain a fair and impartial panel of jurors. No evidence was adduced that the publicity attending the fatal shooting was inflammatory or sensational.
The grounds for change of venue are set out in article 622 of the Code of Criminal Procedure as follows:
A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial.
To warrant a change of venue, the burden is upon the defendant to establish that he cannot obtain a fair trial in the parish where the prosecution is pending. Article 622 requires a showing of more *120 than mere knowledge by the public of facts surrounding the offense. It requires, in addition, proof of such prejudice in the public mind that a fair and impartial trial cannot be obtained in the parish. State v. Flood, 301 So.2d 637 (La.1974); State v. Leichman, 286 So.2d 649 (La.1973); State v. Richmond, 284 So.2d 317 (La.1973).
In the instant case, defendant has failed to meet the burden of proof. His evidence consisted of only several news articles and local radio and television scripts, none of which are inflammatory. He offered no other evidence in support of his request for a change of venue. He relies solely on the fact of the existence of publicity. It should be noted that the publicity covered a span of only four days, and the trial was conducted some nine months after the occurrence of the events giving rise to the criminal prosecution.
The trial judge denied the motion on the ground of insufficient evidence to support the change of venue. The granting or denial of change of venue rests within the sound discretion of the trial judge, and his ruling denying the motion will not be disturbed unless evidence affirmatively shows that the ruling was erroneous and an abuse of judicial discretion. Under the evidence presented to support the motion for change of venue, it cannot be said that the trial judge abused his discretion. Hence, Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the conviction must be reversed because women did not serve on the jury commission and on the grand jury that indicted him and because the jury commission, the grand jury, and the grand jury venire were racially unrepresentative of the Bossier Parish population.
The transcript of the proceedings contains a hearing held prior to indictment on a motion by defendant for information regarding the racial composition of the grand jury and the method of selecting the grand jury, although the motion itself does not appear in the record. Defendant did not ask for information regarding the makeup of the jury commission or the grand jury venire. The motion was granted, but the record contains nothing else on the matter.
The record contains no motion to quash the indictment on the ground that the jury commission, the grand jury, and the grand jury venire were illegally constituted, nor do the minutes reflect that any such motion was filed.
Article 535 of the Code of Criminal Procedure provides in pertinent part:

. . . . . .
B. A motion to quash shall be filed at least three judicial days before commencement of trial, and my be filed with permission of the court at any time before commencement of trial, when based on any of the following grounds:
. . . . . .
(3) A grand jury indictment is invalid because the manner of selection of the general venire, the grand jury venire, or the grand jury was illegal.
. . . . . .
D. The grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions.
Under this article, therefore, defendant waived any objection he may have had to the manner of selecting the grand jury, the grand jury venire, and the jury commission by failing to file a timely motion to quash the indictment. See La.Code Crim. P. art. 535 (1966), Official Revision Comment (c)(3). See also Jones v. Henderson, 494 F.2d 47 (5th Cir. 1974). This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 3
This assignment of error has been abandoned.

*121 ASSIGNMENT OF ERROR NO. 4
Defendant contends that the trial judge erroneously failed to sustain his motion for a directed verdict of acquittal of all charges at the close of the state's case.
This court can find error in the trial judge's denial of a motion for a directed verdict and reverse the conviction only when there is no evidence of the crime or an essential element thereof. La. Code Crim.P. art. 778 (1966); State v. Douglas, 278 So.2d 485 (La. 1973).
The evidence produced by the state included the testimony of Officer Duncan, who testified that defendant shot at him and that he shot and killed Officer Pearson, and the testimony of Officer Abbott, who stated the defendant fired at him also. The gun taken from defendant, as well as a bullet from Officer Pearson's body and five shells, were introduced into evidence, and a ballistics expert testified that they were fired from defendant's gun. Certainly, this constituted some evidence of each element of the crimes charged. Hence, the trial judge properly denied defendant's motion for directed verdicts of acquittal. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant avers that the trial judge erred in permitting the state, in closing argument and in rebuttal argument before the jury, to comment directly and indirectly upon defendant's failure to take the stand. A reference by the state to defendant's failure to testify in his own defense, when made within the hearing of the jury, is ground for a mandatory mistrial. La.Code Crim.P. art. 770 (1966). Defendant, however, neither objected to the allegedly prejudicial remarks at the time of occurrence nor did he move for a mistrial.
The proper procedural vehicle, when the state refers to defendant's failure to testify in his own defense, is the motion for a mistrial. La.Code Crim.P. art. 770 (1966). Defendant's failure to move for a mistrial constitutes a waiver of the alleged error. La.Code Crim.P. art. 770, Official Revision Comment (b) (1966).[2]

ASSIGNMENT OF ERROR NO. 6
Defendant contends that the trial judge erred in failing to sustain his motion in arrest of judgment and his motion for a new trial.
The record reveals two handwritten motions that were filed the day on which defendant was to be sentenced. The first asks the court to arrest judgment on the ground that the verdicts were contrary to the law and evidence. This ground is not included within the exclusive list of eight grounds on which a motion in arrest of judgment shall be granted. La.Code Crim.P. art. 859, as amended, La.Acts 1974, Ex.Sess., No. 26, § 1. Therefore the motion was properly overruled.
The second motion filed on the day of sentencing was for a new trial. Defendant asked that a new trial be ordered for two reasons. First, he argued that the verdicts were contrary to the law and evidence. It is well settled that this contention, without setting forth with particularity the error complained of, presents nothing for review on appeal. State v. Howard, 283 So.2d 199 (La.1973). The second ground urged as the basis for a new trial was the trial judge's alleged error in refusing to grant defendant's motion for directed verdicts of acquittal. This contention was rejected in our discussion of Assignment of Error No. 4. Hence, the trial judge's refusal to grant a new trial was also proper.
In his brief defendant advances the same argument in support of this assignment of *122 error as that advanced in the previous one, i. e., the court committed error in allowing the state to comment on defendant's failure to testify in his own defense.[3] We reject this argument for the reasons assigned in our disposition of Assignment of Error No. 5. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 7
In the last assignment of error, defendant first contends that the imposition of ten-year sentences for each attempted murder conviction, to be served consecutively, in addition to the sentence of life imprisonment for the murder conviction, constitutes cruel and unusual punishment, in violation of the eighth amendment of the United States Constitution and article 1, section 12 of the Louisiana Constitution (in effect at the time this offense was committed).[4]
Cruel and unusual punishments are those that are barbarous, extraordinary, or grossly disproportionate to the offense. State v. Selman, 300 So.2d 467 (La. 1974); State v. Crook, 253 La. 961, 221 So.2d 473 (1969). These adjectives appropriately describe neither the statutory penalty for murder[5] nor the statutory penalty for attempted murder.[6] Imprisonment itself is clearly not cruel and unusual punishment, even if the sentence is long; most criminal systems provide for life terms. State v. Howard, 262 La. 270, 263 So.2d 32 (1972). In addition, the sentences imposed in this case were within statutory bounds. La.Code Crim.P. art. 882 (1966).
The fact that the terms of imprisonment are to run consecutively does not make this punishment cruel and unusual. Consecutive sentences of imprisonment for conviction of separate offenses do not render a punishment cruel and unusual, where the penalty upon conviction of each offense is itself valid. Cf. State v. Sharp, 156 La. 531, 100 So. 707 (1924).
Second, defendant argues that the trial judge erred in failing to give him credit toward service of his sentences for time spent in actual custody prior to their imposition.[7] Such an allowance of credit is mandatory. La.Code Crim.P. art. 880 (1966), as amended, La.Acts 1970, No. 285, § 1.
*123 Defendant points out in his brief that "[n]owhere in the minutes can it be found that credit for time served was given in the sentence." We note, however, that the commitment form for each conviction states that defendant's period of imprisonment begins to run from the date of incarceration, not the date of arrival at the Louisiana State Department of Corrections. Thus, defendant will be given credit for the time he spent in actual custody prior to the imposition of sentence. In sum, this assignment of error is without merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
BARHAM, J., concurs.
NOTES
[1] The items consisted of copies of the Shreveport Times, the Shreveport Journal, and the Bossier Tribune, during the period of December 18-21, 1972, all of which published articles on the killing of the police officer. The Bossier Tribune, on December 21, 1972, carried a story on the front page entitled "Services Held for Bossier Police Officer," which contained a brief, factual account of the incident. Officer Pearson's photograph accompanied the story. The December 18, 1972 Shreveport Journal published a story on the killing, stating that defendant was being held in connection with the fatal shooting. This story carried a photograph of the police car with bullet-shattered glass as well as Pearson's photograph. The Shreveport Journal, December 19, 1972, also published a short article on the obituary page entitled "Flags Lowered in Bossier City for Slain Officer." The Shreveport Times, December 18, 1972, published a one-column article on the front page entitled "Bossier City Officer Dies in Shooting," relating the facts of the incident and reporting that defendant had been charged with Pearson's murder. Local radio stations KOKA and KEEL reported the incident, as did local television stations KTBS and KSLA. These broadcasts were similarly factual and not sensational in nature.
[2] A failure to move for a mistrial is a waiver of the error, since this article requires a motion by the defendant.
[3] The record shows that the motions themselves do not contain a statement that these allegedly prejudicial remarks constitute a ground on which the motions should be granted. This issue was raised for the first time on appeal.
[4] Defendant did not object to the sentences at the time they were imposed. Article 841 of the Code of Criminal Procedure states that an error or irregularity in the proceedings cannot be availed of after verdict unless it was objected to at the time of occurrence. Although the precise nature of defendant's attack on the sentence does not emerge clearly from his brief, after consideration we conclude that he attacks as unconstitutional per se the imposition of any sentence in addition to a sentence of life imprisonment. This alleged error is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence, and is therefore reviewable by this court. La. Code Crim.P. art. 920(2), as amended, La. Acts 1974, No. 207, § 1.
[5] La.R.S. 14:30, prior to its 1973 amendment, made no distinction between first and second degree murder and provided that murder was punishable by death. In view of the United States Supreme Court decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), however, we held that under La.R.S. 14:30 prior to its 1973 amendment the maximum penalty for murder was life imprisonment. State v. Franklin, 263 La. 344, 268 So.2d 249 (1972).
[6] The penalty for attempted murder may not exceed twenty years' imprisonment at hard labor. La.R.S. 14:27(D)(1), as amended, La.Acts 1970, No. 471, § 1.
[7] Although defendant did not object to this error at the time of its occurrence in accordance with article 841 of the Code of Criminal Procedure, such an irregularity is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. Hence, we may consider it on appeal. La.Code Crim.P. art. 920(2) (1966), as amended, La.Acts 1974, No. 207, § 1; State v. Hall, 287 So.2d 798 (La.1973).