329 So.2d 728 (1976)
STATE of Louisiana
v.
Stephen BERRY.
No. 57202.
Supreme Court of Louisiana.
March 29, 1976.
*729 L. Howard McCurdy, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
On April 2, 1975, defendant Stephen Berry was convicted by an Orleans Parish jury of armed robbery, a violation of La.R.S. 14:64, and was sentenced to 99 years at hard labor. He reserved eleven assignments of error but on appeal urges only two of these: Assignment of Error No. 2 pertains to the trial court's denial of a motion for change of venue; Assignment of Error No. 11 complains of a denial of a motion for new trial also based upon the failure to grant defendant a change of venue.
In a previous prosecution unrelated to the instant case, defendant was convicted on July 27, 1974 of the rape-murder of a student nurse in a housing project in Orleans Parish. The case received extensive notoriety because it involved a brutal crime perpetrated against a relative of a prominent public official. For the rape-murder conviction defendant received a sentence of life imprisonment.
In support of his motion for a change of venue in the instant armed robbery case, defendant introduced evidence of newspaper and television publicity which occurred between January 1, 1975 and the commencement of the trial on April 2, 1975. At the hearing on the motion, the defendant did not attempt to introduce any other evidence, but chose to rest his case on the content of this publicity.
The grounds for change of venue are set forth in Article 622 of the La. Code of Criminal Procedure:
"Art. 622. Grounds for change of venue
"A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
"In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial."
Some relevant factors in determining whether to change venue are (1) the nature of pretrial publicity and the particular degree to which it has circulated in the community, (2) the connection of government officials with the release of the publicity, (3) the length of time between the dissemination of the publicity and the trial, (4) the severity and notoriety of the offense, *730 (5) the area from which the jury is to be drawn, (6) other events occurring in the community which either affect or reflect the attitude of the community or individual jurors toward the defendant, and (7) any factors likely to affect the candor and veracity of the prospective jurors on voir dire. State v. Bell, 315 So.2d 307 (La.1975).
Other factors considered by courts in various jurisdictions include the degree to which the publicity has circulated in areas to which venue could be changed, the care exercised and the ease encountered in the selection of the jury, the familiarity with the publicity complained of and its resultant effect, if any, upon the prospective jurors or the trial jurors, and the peremptory challenges and challenges for cause exercised by the defendant in the selection of a jury. See, generally, Annotation 33 A.L.R.3rd 17 (1970).
In a motion for change of venue the defendant has the burden of showing that he cannot obtain a fair trial in the parish where the prosecution is pending. State v. Stewart, La., 325 So.2d 819, decided Jan. 19, 1976; State v. Dillard, 320 So.2d 116 (La.1975); State v. Bell, supra; State v. Richmond, 284 So.2d 317 (La.1973). Article 622 of the La. Code of Criminal Procedure requires more than mere knowledge by the public of the facts surrounding the offense. It requires, in addition, proof of such prejudice in the public mind that a fair and impartial trial cannot be obtained in the parish. State v. Stewart, supra; State v. Dillard, supra; State v. Flood, 301 So.2d 637 (La.1974).
Under the test adopted by the La.Code of Criminal Procedure, the fact that a jury can be selected because the requisite number of prospective jurors are not subject to a valid challenge for cause does not establish that a change of venue is not necessary. As we stated in State v. Bell, supra, quoting from Official Revision Comment (b) to La.C.Cr.P. art. 622:
"* * * The change of venue concept should operate where the state of the public mind against the defendant is such that jurors will not completely answer honestly upon their voir dire, or witnesses will be so affected by the public atmosphere that they will not testify freely and frankly." 315 So.2d at 310.
In the present case, the defendant introduced eleven articles which were published in two newspapers serving Orleans Parish, between January 1, 1975 and April 2, 1975, the date of the trial. Seven of the articles concerned the instant case and four were related to the defendant's earlier rape-murder conviction. All of the latter were stories about the appeal of a trial court gag order to the United States Supreme Court and only briefly mentioned that the defendant had been convicted of murder. The other articles concerned the instant armed robbery case but most of them also referred to the defendant's prior murder conviction. In one, an assistant district attorney was quoted as saying:
"We want to make sure we have him permanently convicted. It's like putting the frosting on the cake."
Another article, which appeared on March 27, 1975, recounted the testimony of witnesses at a pre-trial hearing concerning the facts of the crime and the identification of the defendant in a police line-up.
A television station broadcast separate interviews of the defendant and the district attorney on three different days before the trial. The interview with the defendant, to which he voluntarily submitted, appeared on newscasts at 6:00 P.M. and 10:00 P.M. on March 8 and 9, 1975. The interview with the district attorney appeared at 6:00 P.M. and 10:00 P.M. only on March 8, 1975. On April 1, 1975, portions of the segments played on March 8 and 9 were *731 replayed and the effort of defendant to secure a change of venue was also reported. In the interviews references were made to the defendant's prior conviction, his incarceration at Angola, and to his criminal record, but throughout he maintained his innocence of the crimes. The district attorney in his interview merely stated that the defendant had a right to appeal but that he believed the conviction would be affirmed.
Nevertheless, there was absolutely no evidence of the effect, if any, this pre-trial publicity may have had on the state of the public mind regarding the defendant. Although there was testimony that the broadcast coverage extended throughout the entire parish, and we assume the newspaper circulation was equally comprehensive, there is no evidence of how many persons viewed the broadcasts and read the articles. There is no evidence in the record of the extent to which prospective or trial jurors were familiar with or affected by the publicity. The headlines of the articles were not inflammatory or overly bold, and the defendant presented no testimony as to their location in the newspapers.
The granting or denial of change of venue rests within the sound discretion of the trial judge and his ruling denying the motion will not be disturbed unless the evidence affirmatively shows that the ruling was erroneous and an abuse of judicial discretion. State v. Dillard, supra; State v. Stewart, supra; State v. Richmond, supra. Under the evidence presented to support the defendant's motion for change of venue, we cannot say that the trial judge abused his discretion. He reasonably could have decided that the defendant failed to meet his burden of proving such prejudice in the public mind that a fair and impartial trial could not be obtained in the parish.
The assignments of error lack merit.
For the reasons assigned, the conviction and sentence are affirmed.