354 So.2d 562 (1978)
STATE of Louisiana
v.
Redgley WILLIAMS, Jr.
No. 60507.
Supreme Court of Louisiana.
January 30, 1978.
Alton T. Moran, Director, Vincent Wilkins, Jr., Appellate Counsel, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Marilyn Castle, Asst. Dist. Attys., for plaintiff-appellee.
DENNIS, Justice.
Defendant was convicted of having incited and participated in a riot in which the death of a person occurred, La.R.S. 14:329. 1-329.7, and was sentenced to twenty years at hard labor. Defendant appealed, relying upon two assignments of error for reversal of his conviction and sentence.
ASSIGNMENT OF ERROR NO. 2
In this assignment, defendant contends that the trial court erred in denying his motion for a change of venue. The record of the hearing on the motion presents issues substantially similar to those we considered in State v. Bell, 346 So.2d 1090 (La.1977). Here, as in Bell, the testimony taken as a whole does not support defendant's contention that the trial judge abused his sound discretion in refusing the change of venue. State v. Berry, 329 So.2d 728 (La.1976); State v. Wilkerson, 326 So.2d 353 (La.1976); State v. Stewart, 325 So.2d *563 819 (La.1976). Therefore, we find that defendant's first assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4
Defendant contends that the trial court erred in denying his motion to quash on the basis of the unconstitutionality of La.R.S. 14:329.1-329.7. In State v. Douglas, 278 So.2d 485 (La.1973), this Court upheld the constitutionality of the statute now challenged by the defendant. See also Douglas v. Pitcher, 319 F.Supp. 706 (E.D.La.1970). Accordingly, defendant's fourth assignment of error is without merit.
Defendant's conviction and sentence are affirmed.