MARCUS, Justice.
Majid Ijaz was charged by bill of information with possession of cocaine in violation of La.R.S. 40:967(C). Prior to trial, defendant filed a motion to suppress the cocaine in question. After a hearing, the trial judge denied the motion. After trial by jury, defendant was found guilty as charged. Prior to sentencing, defendant filed a motion in arrest of judgment and/or for a new trial. The trial judge sustained the motion in arrest of judgment. On December 29,1981, the trial judge granted the state’s motion for an appeal from this adverse ruling pursuant to La.Code Crim.P. art. 912(B)(4).[1] On March 2, 1982,- the record was filed in this court.
We note, ex proprio motu, that we lack appellate jurisdiction to entertain the state’s appeal in this case. La. Const, art. 5, § 5(D) (1974)[2] then provided that a case was appealable to this court if “(1) a law or ordinance has been declared unconstitutional; (2) the defendant has been convicted of a felony or a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed.” (Emphasis added.) In State v. James, 329 So.2d 713 (La.1976), we held that under La. Const, art. 5, § 5(D)(2), a case was appealable to this court “only” where defendant had been “convicted” of a felony or a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed.
In the instant case, defendant has not been “convicted” of a felony. “Convicted” *850 means “adjudicated guilty after a plea or after trial on the merits.” La.Code Crim.P. art. 934(3). The effect of an order arresting judgment is “to place the defendant in the same situation in which he was before the indictment was found or the information filed.” A.L.I. Code of Criminal Procedure, Commentary to § 374. La.Code Crim.P. art. 862 provides in pertinent part: “If the judgment is arrested on any other ground [than listed above in the article as in the instant case], the defendant shall be discharged.” Hence, the effect of sustaining the motion in arrest of judgment by the trial judge was to strike down the conviction. Since defendant has not been “convicted” of a felony, we lack appellate jurisdiction to entertain the state’s appeal in this case. La.Code Crim.P. art. 912(B)(4), being in conflict with La. Const, art. 5, § 5(D) (1974), ceased upon the effective date of the 1974 Constitution. La. Const, art. 14, § 18(B) (1974).
The state should have applied to this court for a writ of review under our supervisory jurisdiction.[3] We will treat the state’s appeal as an application for a writ of review.[4]
The state contends the trial judge erred in sustaining defendant’s motion in arrest of judgment on a ground other than that listed in La.Code Crim.P. art. 859, which provides:
The court shall arrest the judgment only on one or more of the following grounds:
(1) The indictment is substantially defective, in that an essential averment is omitted;
(2) The offense charged is not punishable under a valid statute;
(3) The court is without jurisdiction of the case;
(4) The tribunal that tried the case did not conform with the requirements of Articles 779, 780 and 782 of this code;
(5) The verdict is not responsive to the indictment, or is otherwise so defective that it will not form the basis of a valid judgment;
(6) Double jeopardy, if not previously urged; or
(7) The prosecution was not timely instituted, if not previously urged.
(8) The prosecution was for a capital offense or for an offense punishable by life imprisonment, but was not instituted by a grand jury indictment.
Improper venue may not be urged by a motion in arrest of judgment.
Apparently, the trial judge sustained the motion in arrest of judgment because evidence adduced at trial was contrary to testimony at the suppression hearing. It generally concerned the issue of probable cause for the .seizure of the cocaine in question. At the suppression hearing, the arresting officer stated that defendant had “rolled the window up ... and ... down” while at trial the evidence indicated that defendant could not have closed his open window because the ignition was off. In sustaining the motion, the trial judge did not indicate on which ground of art. 859 he relied. However, it is clear to us that the judgment was arrested on a ground other than that listed in art. 859. Since the grounds listed in art. 859 are “exclusive,” State v. Dillard, 320 So.2d 116 (La.1975), the trial judge erred in sustaining defendant’s motion in arrest of judgment. We must reverse.
In defendant’s motion in arrest of judgment and/or for a new trial, he prayed that the judgment be arrested and in the alternative that a new trial be granted. Having sustained the motion in arrest of judgment, the trial judge did not rule on the motion for a new trial.[5] Therefore, we will remand the case to the district court in order to permit the trial judge to rule on defendant’s motion for a new trial.
*851 DECREE
For the reasons assigned, the appeal is dismissed; the application for a writ of review is granted; the ruling of the trial judge sustaining the motion in arrest of judgment is reversed and set aside; the case is remanded to the district court with instructions to the trial judge to rule on defendant’s motion for a new trial and to proceed in this matter in accordance with law.
LEMMON, J., dissents and assigns reasons.

. La.Code Crim.P. art. 912(B)(4) provides:
B. The state cannot appeal from a verdict of acquittal. Adverse judgments or rulings from which the state may appeal include, but are not limited to, judgments or rulings on:
(4) A motion in arrest of judgment^]

. La. Const, art. 5, § 5(D) was amended by' Acts 1980, No. 843, § 1, approved Nov. 4,1980, eff. July 1, 1982 to read:
(D) Appellate Jurisdiction. In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed.
La. Const, art. 5, § 5(E) was also amended by Acts 1980, No. 843, § 1, approved Nov. 4, 1980, eff. July 1, 1982 to read:
(E) Additional Jurisdiction until July 1, 1982. In addition to the provisions of Section 5(D) and notwithstanding the provisions of Section 5(D), or Sections 10(A)(3) and 10(C), the supreme court shall have exclusive appellate jurisdiction to decide criminal appeals where the defendant has been convicted of a felony or a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed, but only when an order of appeal has been entered prior to July 1, 1982 and shall have exclusive supervisory jurisdiction of all criminal writ applications filed prior to July 1, 1982 and of all criminal writ applications relating to convictions and sentences imposed prior to July 1, 1982.
The order of appeal in the instant case was entered on December 29, 1981 (prior to July 1, 1982). Hence, La. Const, art. 5, § 5(D) as amended is not applicable.

. La. Const, art. 5, § 5(A) (1974).

. Since the state’s appeal was filed in this court on March 2, 1982 (prior to July 1, 1982), we have “exclusive supervisory jurisdiction.” La. Const, art. 5, § 5(E), as amended See footnote 2.

.La.Code Crim.P. art. 851 sets forth the grounds for a new trial.