479 So.2d 625 (1985)
STATE of Louisiana
v.
Ronnie PATTON.
No. KA 85 0465.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
*626 Jackie Marve, Asst. Dist. Atty., Houma, for plaintiff and appellee State of La.
Paul E. Brown, Asst. Defender, Office of Indigent Defenders, Houma, for defendant and appellant Ronnie Patton.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Defendant, Ronnie Patton, appeals his conviction of aggravated battery alleging that the law and evidence do not support his conviction. Specifically, he contends he acted in self-defense.
Defendant, was charged by bill of information with one count of aggravated battery in violation of R.S. 14:34. He pled not guilty and waived trial by jury. At trial, defendant was found guilty as charged. Subsequently, he received a suspended sentence of two years at hard labor, fined $500.00 and costs, and placed on probation. While defendant has alleged seven assignments of error, only one was briefed. Accordingly, those not briefed are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Williams, 452 So.2d 234 (La.App. 1st Cir.), writ not considered, 456 So.2d 161 (La.), reconsideration not considered, 458 So.2d 471 (La.1984).
LSA-R.S. 14:19 provides:
The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.
Furthermore, LSA-R.S. 14:21 provides:
A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict.
We find that only the testimony of Ellis Warren, the victim, Nelson Calloway, a witness, and the defendant is pertinent herein.
Ellis Warren testified that he and a friend, Nelson Calloway, were waiting for Mrs. Warren, the victim's mother, inside a Wal-Mart Department Store. They were playing a game of Pac Man when the defendant approached them. When Warren spoke to the defendant, the defendant replied in an angry manner and used vulgar language. Warren stated that he left the store and walked to his mother's car and waited for her to finish her shopping. As the defendant approached Warren, a verbal challenge was made by defendant and a confrontation ensued. Warren testified that he was not armed and did not hit defendant. Nevertheless, he asserted that the defendant used a knife to cut him in the face and stab him in the side.
Apparently, the fight was broken up by Nelson Calloway who came upon the scene after the fight had begun. Calloway stated that he did not see Warren with a knife. The only knife he saw was in defendant's hand.
*627 Contrarily, defendant stated that Warren was the one who used abusive language inside the store. He asserts that he bought a small pocket knife, opened it, and placed it in his pocket before he went outside to his car. He claims that same was purchased for defendant's protection. Defendant's version of the fight is as follows:
A. I left out the store, Ellis Warren was sitting on my car. And when I went on, I went to walk around him. I even walked all the way around him and went on and got in my car started to get in my carand when I was putting my key in my door, he jumped on me with a knife and had it to my throat. I had my little knife in my hand and I tried to, you know, defend myself. And when that happened, I had dropped my knife and the next thing I could think of was to grab him. And when I grabbed him I flipped him over my back. When I flipped him over my back the knife fell right there by me and by him. And we first started tussling with it and when I got it, we was still tussling and that's when he got stabbed.
Q. Then what happened:
A. He persistently tried to approach me while I still had the knife in my hand and I told him to go head on, to just go head on because it was enough you know. I just wanted, you know, go. And after that Nelson Calloway had came (sic) and just said, well that's enough, that's enough or whatever. And then I got in my car and I left.
The trial court stated in its written reasons for judgment that:
By the defendant's story he was attacked first by the victim. The victim of course tells a contrary story. Be that as it may, assuming again for the sake of argument that the defendant was attacked first by the victim, by the defendant's own admission he had completely disarmed the victim.... To make matters worse, not only did he cut the victim once but apparently, and the testimony has not been disputed, that Mr. Warren was cut on two occasions. At least once in the face and once to the side of his body. There's no reason why, as I repeat, that the defendant had to proceed in such a manner when he had the man disarmed to begin with.
So as far as I'm concerned, this Court is concerned, the defendant lost the right to claim self-defense at that point in the proceedings and therefore finds him guilty as charged of aggravated battery.
We find that the trial court correctly concluded that the defendant's use of force in stabbing the victim was not reasonable nor apparently necessary. Moreover, even assuming, as did the trial court, that the defendant disarmed the victim, the defendant became the aggressor and lost the right to claim self-defense when he callously stabbed the victim.
For the above reasons, this assignment of error is without merit.
AFFIRMED.